

THE LAW OFFICE OF NATHAN D. BORRIS, ESQ.
Nathan D. Borris, Esq. SBN 266090
1380 A Street
Hayward, CA 94541
(510) 581-7113
(510) 581-7112 Fax
nateborris@gmail.com

**The following constitutes
the order of the court. Signed August 4, 2016**

_____
**Charles Novack
U.S. Bankruptcy Judge**

UNITED STATES BANKRUPTCY COURT
IN AND FOR THE NORTHERN DISTRICT OF CALIFORNIA
OAKLAND DIVISION

In Re:

BENCH AND BAR, INC.,

    Debtor

) Case No.: 16-41611 CN
) Chapter 11
)
) **ORDER AUTHORIZING DEBTOR TO**
) **ENTER INTO INSURANCE PREMIUM**
) **FINANCE AGREEMENT AND TO**
) **PROVIDE ADEQUATE PROTECTION**
)
)
)

ON THIS DAY, came on for the consideration the Motion of BENCH AND BAR, INC. ("Debtor") For Authority to Enter into Insurance Premium Finance Agreement and to Provide Adequate Protection ("Motion") through which Debtor seeks the Court's approval of the agreement and to provide adequate protection of the interests of FIRST Insurance Funding Corp. ("FIFC") in the bankruptcy case and, it appearing to the Court that the operative facts as stipulated by the parties, are those appearing in Motion, it is hereby ORDERED THAT:

1.    The Motion is granted.

2.    Debtor is authorized and directed to:

    a) enter into the premium finance agreement attached to the Motion as Exhibit "A" (the "Premium Finance Agreement");

1

b) grant FIFC or its successor or assigns a first priority lien on and security interest in unearned premiums as described in the Premium Finance Agreement; and

c) timely make all payments due under the Premium Finance Agreement. FIFC is authorized to receive and apply such payments to the Indebtedness (as defined in the Motion) owed by Debtor to FIFC as provided in the Premium Finance Agreement.

3. Without limitation, the liens, security interests and rights in unearned premiums granted under the Premium Finance Agreement are senior to the lien of any DIP Lender in this Case and are senior to any claims under 11 U.S.C. §§ 503, 506(c) or 507(b).

4. If additional premiums become due to insurance companies under the policies financed under the Premium Finance Agreement, Debtor and FIFC or its successor or assigns are authorized to modify the Premium Finance Agreement as necessary to pay the additional premiums without the necessity of further hearing or order of this Court.

5. In the event Debtor does not make any of the payments under this Agreement or the Premium Finance Agreement as they become due, the automatic stay shall automatically lift to enable FIFC and or/third parties, including insurance companies providing the protection under the Policies, to take all steps necessary and appropriate to cancel the Policies, collect the collateral and apply such collateral to the Indebtedness owed to FIFC by Debtor.

6. FIFC, or any third party, including insurance companies providing the coverage under the Policies, exercising such rights shall comply with the notice provisions and other provisions of the Premium Finance Agreement.

7. The Premium Finance Agreement and the liens and security interests in the unearned premiums granted pursuant hereto shall continue in full force and effect and Indebtedness due under the Premium Finance Agreement shall remain due and owing notwithstanding: (i) the dismissal or closure of this Case, (ii) the discharge of Debtor, or (ii) the confirmation of a plan of reorganization.

IT IS SO ORDERED.

***END OF ORDER***

COURT SERVICE LIST

COURT SERVICE LIST