THE LAW OFFICE OF NATHAN D. BORRIS, ESQ.
Nathan D. Borris, Esq. SBN 266090
1380 A Street
Hayward, CA 94541
(510) 581-7113
(510) 581-7112 Fax
nateborris@gmail.com

UNITED STATES BANKRUPTCY COURT
IN AND FOR THE NORTHERN DISTRICT OF CALIFORNIA
OAKLAND DIVISION

| | |
|---|---|
| In Re:<br><br>BENCH AND BAR, INC.,<br><br>          Debtors | Case No.: 16-41611 CN<br>Chapter 11<br><br>**STIPULATION REGARDING PAYMENT OF PRIORITY TAX CLAIMS THROUGH CHAPTER 11 LIQUIDATION PLAN** |

This stipulation is entered into by BENCH AND BAR, INC. (hereinafter, "Debtor"), by and through its attorney of record, and Creditors INTERNAL REVENUE SERVICE and FRANCHISE TAX BOARD, (hereinafter, collectively "Creditors") regarding treatment of their respective priority tax claims through Debtor's proposed combined chapter 11 plan and disclosure statement.

On June 11, 2016 the Debtor filed the matter herein. On or about October 5, 2016, Internal Revenue Service filed a proof of claim indicating a priority unsecured amount of $465,090.07, and, consistent with IRS's tax assessments for tax years 2012 and 2013, Franchise Tax Board filed an amended proof of claim indicating a priority unsecured amount of $66,403.81 on September 16, 2016. Thereafter, Debtor objected to the both priority claims,

alleging the tax assessments for 2012 and 2013 were based on phantom income of the business.

Debtor has proposed a liquidation chapter 11 plan whereby a buyer has agreed to pay $50,000.00 for all assets of the business. Pursuant to a formal appraisal obtained prior to the filing of the case herein, such an amount would yield a higher payment to creditors than they would receive in a chapter 7 liquidation, however, Debtor acknowledges the balance of funds to be paid to creditors would be insufficient to pay even the total balance of priority unsecured claims.

The parties hereto acknowledge that pursuant to 11 U.S.C. §1129(a)(9)(C) a chapter 11 plan may not be confirmed unless it provides for full payment or transfer of equivalent value of claims specified under 11 U.S.C. §507(a)(8), which the parties further acknowledge includes the priority tax amounts respectively claimed, within five years of the date of order for relief. The parties further acknowledge that they may agree to different treatment of such claims pursuant to 11 U.S.C. §1129(a)(9).

THE PARTIES HEREBY STIPULATE AND AGREE AS FOLLOWS:

1. Creditors Internal Revenue Service and Franchise Tax Board hereby agree to accept less than the total value of their priority unsecured claims following a sale of all assets of the estate, as follows:
    a. Internal Revenue Service and Franchise Tax Board understand that they are entitled to receive full value of their priority unsecured claims through the chapter 11 plan pursuant to 11 U.S.C. §1129(a)(9)(C) , however may agree to different treatment. Accordingly, $50,000.00 is to be paid into the estate for the acquisition of all assets, from which administrative claims in the

approximate amount of $12,000.00 will be paid to retained professionals first, followed by full payment of the priority unsecured claims of Employment Development Department in the amount of $863.34 and California State Board of Equalization in the amount of $2,467.00 (which is being required to be paid in full as a condition of transfer of the liquor license, a major asset of the estate), with the balance of funds to be paid to Internal Revenue Service and Franchise Tax Board in amounts proportionate to their priority unsecured claimed amounts.

b. To the extent any funds are recovered on the judgment against Dana Jill Cabello and Manuel Cabello arising from *Cabello et al. v. Bench & Bar, Inc., Case No. 12-46224* in the principal amount of $28,259.40 by the Debtor in Possession, those funds shall be paid pro-rata to Internal Revenue Service and Franchise Tax Board on their respective priority unsecured claims, and if both are paid in full, the balance shall be paid to general unsecured creditors, pro-rata.

c. The parties agree that both Internal Revenue Service and Franchise Tax Board will receive more value on their total claims than they would receive had this case been filed under Chapter 7 of the Bankruptcy Code.

d. Upon issuance of an Order on this Stipulation, Debtor shall withdraw both objections to the claims of Internal Revenue Service and Franchise Tax Board, docketed as #64 and #66, respectively, herein.

IT IS SO STIPULATED.


Dated: 1/11/2017        /s/ NATHAN D. BORRIS, ESQ.
                        Nathan D. Borris, Esq.
                        *Attorney for Debtor*


Dated: 1/10/2017        /s/ MICHAEL PITMAN
                        Michael Pitman
                        *Attorney for Internal Revenue Service*


Dated: 1/11/2017        /s/ MELODY SCULLARY
                        Melody Scullary
                        *Attorney for Franchise Tax Board*